UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Michael W. Powers,
        Plaintiff

        v.                              Case No. 13-cv-007-SM
                                        Opinion No. 2014 DNH 144
Northern Lights Landscape
Contractor, LLC and Erich Mueller,
        Defendants

### O R D E R

Michael Powers brings this action against his former employer and its owner (collectively, "Northern Lights").  He asserts claims for unpaid wages under the Fair Labor Standards Act, as well as state law claims for unpaid wages, breach of contract, and defamation, over which he asks the court to exercise supplemental jurisdiction.  Defendants deny any wrongdoing and advance counterclaims for breach of contract and conversion.

Pending before the court is Powers' motion to dismiss Northern Lights' counterclaim for breach of the parties' purchase and sale agreement.  For the reasons stated, that motion to dismiss is denied.

## Standard of Review

When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must "accept as true all well-pleaded facts set out in the complaint and indulge all reasonable inferences in favor of the pleader." SEC v. Tambone, 597 F.3d 436, 441 (1st Cir. 2010). Although the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), it must allege each of the essential elements of a viable cause of action and "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal punctuation omitted).

In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Instead, the facts alleged in the complaint must, if credited as true, be sufficient to "nudge[] [plaintiff's] claims across the line from conceivable to plausible." Id. at 570. If, however, the "factual allegations in the complaint are too meager, vague, or conclusory to remove

the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." Tambone, 597 F.3d at 442.

## Background

Accepting the factual allegations set forth in Northern Lights' Amended Answer and Counterclaims (document no. 25) as true, the relevant facts are as follows. In 2012, Powers and Northern Lights were each in the commercial street-sweeping business. In April of that year, Powers agreed to sell his company – "Swept Away Sweeping, Inc." – to Northern Lights. The parties executed a purchase and sale agreement, by which Powers sold to Northern Lights "all existing contracts, trade name, signage, phone number, customer list, and a 1993 Elgin Eagle Sweeper." Sales Agreement (document no. 8-1) at 1. As part of that agreement, Northern Lights agreed to hire Powers as a salaried employee "at a weekly rate of $769.23," and Powers agreed "to work as many hours as needed to complete job description assigned by [Northern Lights]." Id.

Included in the Sales Agreement is a section entitled "Non-compete," the relevant portions of which provide as follows:

> Mike Powers - employee - agrees to a non-compete clause
> for a period of 5 years, within a radius of 150 miles
> from Employer's specific location of 395 Elm Street,
> Milford, N.H.. A no solicitation rule will be in place
> with any current Northern Lights customers. . . . The

3

non-compete clause will remain in effect until November
1, 2015.

Id. at 2.


    Powers claims Northern Lights has yet to pay him fully for
the purchase of his business.  He also asserts that Northern
Lights failed to pay him all the wages (and overtime) to which he
is entitled.  So, in September of 2012, through legal counsel, he
notified Northern Lights that he believed he was owed a fairly
sizeable sum of money.  Perhaps understandably, Northern Lights
did not look favorably upon what it believed were unfair and/or
inaccurate accusations contained in that letter.  Ultimately,
Powers was put on "administrative leave" and, on October 30,
2012, Northern Lights terminated his employment.


    Subsequently, Powers brought this action.  In response,
Northern Lights counterclaimed, asserting claims for both
conversion and breach of the purchase and sale agreement.
Northern Lights says it purchased the assets and goodwill of
Powers' company so it could "establish a street sweeping business
as a separate division," anticipating that Powers would "run that
division, [and] generate additional customers and sales."
Amended Answer and Counterclaims at para. 13.  But, after it
purchased "Swept Away Sweeping" from Powers, it discovered that

4

he "was performing street sweeping services on his own at night under the name Swept Away Sweeping and that [he] was keeping any proceeds for himself." <u>Id</u>. at para. 19.  That, says Northern Lights, amounted to a breach of both the implicit terms of the parties' purchase and sale agreement and the explicit terms of the non-competition provision.

Powers moves to dismiss the breach of contract counterclaim - pointing specifically to the non-competition provision - for failure to state a viable cause of action.  <u>See</u> Fed. R. Civ. P. 12(b)(6).

## Discussion

Generally speaking, New Hampshire's public policy discourages covenants not to compete.  <u>See</u> <u>Concord Orthopaedics Prof'l Ass'n v. Forbes</u>, 142 N.H. 440, 442 (1997).  They are, therefore, narrowly construed.  <u>See</u> <u>Merrimack Valley Wood Prods. v. Near</u>, 152 N.H. 192, 197 (2005).  Nevertheless, covenants not to compete "are valid and enforceable if the restraint is reasonable, given the particular circumstances of the case."  <u>Id</u>.

Whether a covenant not to compete is reasonable is a question for the court to resolve, in light of the unique facts presented by each case.  <u>See</u> <u>Concord Orthopaedics</u>, 142 N.H. at

442-43.  For it to be reasonable, a restraint on employment must meet each of the following three criteria: first, it must be no greater than necessary for the protection of the employer's legitimate interest; second, it cannot impose undue hardship on the employee; and, finally, it must not be contrary to the public interest.  Id.  Assessing the enforceability of a covenant not to compete is, then, a fact-intensive inquiry.  If a restrictive employment covenant fails to meet any one (or more) of those criteria, it is unenforceable.  See generally ACAS Acquisitions (Precitech), Inc. v. Hobert, 155 N.H. 381 (2007).

In this case, Northern Lights asserts that within three months after it purchased "Swept Away Sweeping" from Powers, he was operating a competing business under that same name.  It says Powers' conduct breached both an obligation not to use the very trade name he had sold to Northern Lights, as well as the non-competition clause of the purchase and sale agreement.  In response, Powers says that non-competition clause is simply too broad to be enforceable under New Hampshire law and, for that reason, Northern Lights' entire breach of contract claim fails to state a viable cause of action.

While the non-competition clause may well prove to be too broadly drafted to be enforceable, given the particular

6

circumstances surrounding this case, that determination requires a fact-intensive inquiry that cannot be conducted on this record. Moreover, even if that clause is unenforceable as drafted, this court has the power - under certain circumstances - to "reform" it to conform to the requirements of New Hampshire law.  <u>See, e.g.</u>, <u>Merrimack Valley Wood Prods.</u>, 152 N.H. at 200; <u>Technical Aid Corp. v. Allen</u>, 134 N.H. 1, 18 (1991).

Northern Lights' counterclaim for breach of contract sets forth the essential elements of a viable cause of action under New Hampshire's common law.  It is, however, too early in this litigation to determine whether that claim has (or lacks) merit.

## Conclusion

At this juncture, absent factual development of the record, the court cannot determine whether the covenant not to compete is enforceable under New Hampshire law.  Nor can it determine whether that covenant, even if unenforceable as drafted, is amenable to equitable reformation.  Resolution of those questions will turn upon facts not apparent on the sparse record currently before the court.  Consequently, the court cannot conclude that Northern Lights' breach of contract claim fails to state a viable cause of action.

For the foregoing reasons, Powers' motion to dismiss Northern Lights' counterclaim for breach of contract (document no. 26) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

June 23, 2014

cc:  Megan E. Douglass, Esq.
     John M. Edwards, Esq.